Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000824
02-OCT-2019
07:58 AM

NO. CAAP-16-0000824

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RUDRA TAMM, Plaintiff-Appellant,
v.
BART SNYDER and MING FANG, Defendants-Appellees,


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0075)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

This case arises from a dispute between Plaintiff-Appellant Rudra Tamm (**Tamm**) and Defendants-Appellees Bart Snyder (**Snyder**) and Ming Fang (**Fang**) involving an easement over real property owned by Jeffrey Sargent (**Sargent**) and Mary Sargent (collectively, the **Sargents**). The Sargents are not parties to this action. The Circuit Court of the Fifth Circuit (**Circuit Court**)[1] held that the Sargents were indispensable parties and dismissed Tamm's complaint pursuant to Rule 19 of the Hawai'i Rules of Civil Procedure (**HRCP**) (eff. 2000). The Circuit Court also awarded attorneys' fees and costs to Snyder and to Fang. Tamm appeals from the **Judgment** entered by the Circuit Court on July 22, 2019. We vacate the Judgment and the awards of attorneys' fees and costs and remand this case for further proceedings as discussed below.

---

[1] The Honorable Kathleen N.A. Watanabe presided.

## I.

The following findings of fact made by the Circuit Court are not challenged on appeal and are binding on the parties and this appellate court, <u>Bremer v. Weeks</u>, 104 Hawaiʻi 43, 63, 85 P.3d 150, 170 (2004): Tamm is the trustee and beneficiary of the Rudra Tamm Revocable Trust (**Trust**). The Trust owns real property in Hanalei on the island of Kauaʻi (the **Tamm Property**). The Sargents own real property (the **Sargent Property**) adjacent to the Tamm Property. Fang owns real property (the **Fang Property**) adjacent to the Tamm Property and the Sargent Property. The Sargent Property is burdened by recorded easements in favor of the Tamm Property (the **Tamm Easement**) and the Fang Property (the **Fang Easement**). The Tamm Easement overlaps a portion of the Fang Easement. The document establishing the Tamm Easement (the **Grant of Easement**) contains language requiring that Tamm obtain the Sargents's approval before improving the Tamm Easement. The Grant of Easement also provides that any dispute concerning the application, interpretation, or enforcement of the document's provisions is subject to mandatory mediation and arbitration.

## II.

Tamm's complaint contains the following allegations:[2] Tamm purchased his property in a foreclosure auction some time before January 2014. Sargent gave Tamm verbal permission to walk across the Sargent Property to access the Tamm Property.[3] In January 2014 Tamm installed 8-inch diameter culverts covered with heavy gauge galvanized steel plate in an intermittent stream to create a walking pathway over the Sargent Property.

Tamm left Kauaʻi in March 2014. He returned to Kauaʻi in January 2015. The culverts and steel plate were gone. The intermittent stream had become an extended wet area filled with debris. Tamm removed the debris and created a crude swale by

---

[2] We recite the allegations in the complaint only to provide context; we do not endorse the veracity of the allegations.

[3] A map attached to Tamm's complaint shows that the Tamm Property and the Fang Property are landlocked.

placing concrete blocks filled with gravel in the bed of the intermittent stream.

Tamm purchased the Tamm Easement from Sargent in February 2015. Tamm left Kaua'i in April 2015. When he returned in December 2015, Sargent told him to remove the swale and to install a culvert in the easement where the swale was located. Tamm installed culverts, concrete slabs, dirt, and gravel to create an all-weather road that provided vehicle access across the Sargent Property to the Tamm Property and to the Fang Property. Tamm did not send Sargent a drawing of the culvert installation.[4]

In January 2016 Fang informed Tamm that the culverts were substandard, obstructing Fang's access to the Fang Property, and interfering with Fang's installation of underground utilities. In February 2016 Fang informed Tamm and Sargent that the culvert placement was unacceptable, demanded the return of his concrete slabs, and threatened litigation. In March 2016 Sargent informed Tamm that the culverts were substandard. On March 14, 2016, Sargent wrote to Tamm: "I have spent hundreds of dollars on [an attorney] this week defending myself against Ming Fang and will spend thousands more as this drags on all because of your actions."

On April 5, 2016, Snyder removed the culverts from the easement, tore up the all-weather road, and placed the concrete slabs on the Fang Property. Snyder's activity created a mud hole that deprived Tamm of vehicular access to the Tamm Property, prevented Tamm from using or selling the Tamm Property, and decreased the value of the Tamm Property.

Tamm's complaint prays for an award of unspecified damages and "[a]n Order that [Snyder and Fang] restore [Tamm's] vehicular access to [the Tamm Property] via an all-weather, driveable road along [the Tamm Easement]."

---

[4] The Grant of Easement, attached as Exhibit 1 to Tamm's complaint, required that Tamm obtain Sargent's prior approval of plans and drawings for improvements to the easement, including a site plan showing the location of all construction work (including staging areas) and construction plans with sufficient detail to allow Sargent to determine whether Tamm's proposed improvements are engineered on a professional and workmanlike basis.

## III.

Tamm's complaint was filed on April 18, 2016. On August 16, 2016, Snyder filed a motion to dismiss the complaint pursuant to HRCP Rules 12(b)(7) (eff. 2000) and 19. Fang filed a joinder on August 29, 2016. Snyder's motion was supported by Sargent's declaration stating, among other things:

> 11. Mr. Tamm has admitted in his Complaint against Ming Fang and Bart Snyder that he entered our Property before he obtained the Grant of Easement and modified the drainage stream crossing our Property. Mr. Tamm did this without my wife or my knowledge or permission. Mr. Tamm's actions blocked the drainage stream causing standing water over a significant portion of our Property for over a year.

> 12. In early December of 2015, I spoke with Mr. Tamm and told him that, because of the problems he caused when he modified the drainage stream on our Property, I wanted him to consult with a licensed professional prior to installing any improvements over the easement. I referred him to [Snyder] to discuss the installation of culverts. Mr. Tamm has misinterpreted our conversation and now appears to believe that I told him that he could single-handedly install culverts over the easement.

> . . . .

> 16. On Feb. 1, 2016, I sent Mr. Tamm a letter via Registered Mail wherein I explained that when I granted him access I carefully constructed our Easement Agreement to avoid the kinds of conflicts he was now causing with his co-grantee Mr. Fang. I demanded that Mr. Tamm provide me with plans for the culverts, so I could manage what he was doing, and also share this information with Mr. Fang. Mr. Tamm ignored this letter and did not provide me with any plans.

> . . . .

> 21. On March 16, 2016, I emailed Mr. Tamm that (1) that his impermissible installation of the culverts violated the terms of the Grant of Easement and (2) that I was going to have the culverts removed. . . .

> 22. Soon after my March 16, 2016 email, I hired [Snyder] to remove the culverts that Mr. Tamm had improperly installed on the easement. I instructed Mr. Snyder to leave the concrete slabs that Mr. Tamm had incorporated into the structure of his culverts on Mr. Ming Fang (another neighbor's) property, based upon Mr. Tamm's previous representations to me that these slabs belonged to Mr. Fang.

> . . . .

> 25. On May 4, 2016, [my attorney] sent a demand letter to Rudra Tamm informing him that Bart Snyder was acting on behalf of myself and my wife when he removed the culverts and again demanding mediation. . . .

> 26. To date, Rudra Tamm has refused to mediate this dispute, despite my demands that he do so in accordance with the mandatory mediation and arbitration provision in the Grant of Easement.

Fang also submitted a declaration in support of his joinder in Snyder's motion stating, among other things:

> 7.  [Tamm's] easement and my easement through the Sargent parcel overlap; therefore, I am concerned about any construction, improvements, or other activities by [Tamm] on the easement premises which would adversely affect my use and enjoyment of the easement.  I previously shared these concerns with Mr. Sargent.
>
> 8.  In early 2016, [Tamm] installed two culverts in the easement premises, which obstructed my access.
>
> . . . .
>
> 10.  Although I did not approve of [Tamm's] culverts, I did not take the liberty of moving the culverts myself.  Instead, I contacted Mr. Sargent to relay my concerns and ask that he, as the owner of the servient estate, remedy the situation.

The Circuit Court entered findings of fact, conclusions of law, and an order granting Snyder's motion to dismiss and Fang's joinder on November 7, 2016.  This appeal followed.[5/]

## IV.

HRCP Rule 19 provides, in relevant part:

> **(a) Persons to be joined if feasible**.  A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.
>
> **(b) Determination by court whenever joinder not feasible**.  If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those

---

[5/]  Tamm's notice of appeal was filed on November 21, 2016.  We remanded the case twice for entry of a final judgment pursuant to Waikiki v. Hoʻomaka Vill. Ass'n. of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017).

already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) **Pleading reasons for nonjoinder**. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined.

The Hawai'i Supreme Court has held:

HRCP Rule 19 addresses the joinder of a nonparty determined to be necessary for a just adjudication. We have generally recognized a two-step analysis under Rule 19, corresponding with subsections (a) and (b) of this rule:

First, the court must determine whether an absent party should be joined if feasible according to the factors listed in subsection (a). Second, if the party meets the requirements under subsection (a) but it is not feasible to join the party to the lawsuit, the court must proceed to Rule 19(b) to determine whether it may decide the case without the nonparty. If the court must dismiss the lawsuit rather than moving forward without the absent party, the nonparty is labeled "indispensable."

Under subsection (a) of Rule 19, an absent person will be necessary for a just adjudication if one or more of the following apply:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Civil Beat Law Ctr. for the Pub. Interest, Inc. v. City & Cty. of Honolulu, 144 Hawai'i 466, 484-85, 445 P.3d 47, 65-66 (2019) (citations omitted). "Where the trial court has made a determination as to a party's indispensability, appellate courts must review the trial court's decision for an abuse of discretion." Id. at 474, 445 P.3d at 55 (brackets and citation omitted). A trial court abuses its discretion "if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of

the evidence." Marvin v. Pflueger, 127 Hawai‘i 490, 495, 280 P.3d 88, 93 (2012) (citations omitted).

We initially note that Tamm's statement of the points of error does not challenge the Circuit Court's conclusion of law no. 13, which states:

> 13. Under Hawaii Rules of Civil Procedure, Rule 19(a), complete relief cannot be afforded in this case without the presence of the Sargents.

Since the Circuit Court's determination that the Sargents were parties who should be joined if feasible is not challenged,[6] the issue presented by this appeal is whether it was feasible to join the Sargents as parties.

The Circuit Court concluded:

> 14. It is not feasible to join the Sargents to this proceeding, because the underlying dispute concerns the application, interpretation or enforcement of [Tamm]'s Grant of Easement, which is subject to mandatory mediation and arbitration under Article II, Section 21 of the same.

Tamm contends that the Circuit Court erred because it was feasible for the Sargents to be joined as parties to the lawsuit (by Snyder and Fang, as third-party joint tortfeasor defendants). We agree that the Circuit Court erred in concluding that it was not feasible to join the Sargents, but not for the reasons advanced by Tamm.

The Circuit Court held that it was not feasible to join the Sargents because of the mandatory mediation and arbitration provision in the Grant of Easement. That provision states that arbitration is "subject to the provisions of Hawaii Revised Statutes Chapter 658A." HRS Chapter 658A is the Uniform Arbitration Act as adopted by Hawai‘i. The Uniform Arbitration Act does not immunize a party to an arbitration agreement from being sued. The Sargents own real property located in the State of Hawai‘i and are thus subject to the jurisdiction of the

---

[6] Tamm's complaint specifically prays for "[a]n Order that [Snyder and Fang] restore [Tamm]'s vehicular access to [the Tamm Property] via an all-weather, driveable road along [the Tamm Easement]." The Grant of Easement requires that the Sargents approve all plans and drawings before such a road can be constructed. Thus the Circuit Court correctly ruled that the relief sought by Tamm cannot be afforded without the presence of the Sargents in the case.

Circuit Court under HRS § 634-35(a)(3) (1993). It was feasible for Tamm to have joined them as parties. Once joined the Sargents could, if they wished, initiate arbitration pursuant to HRS § 658A-9 (2016)[7] and move to compel Tamm to mediate and arbitrate any dispute "regarding the application, interpretation or enforcement of any provision of this Grant [of Easement]" pursuant to HRS § 658A-7 (2016).[8] See Ueoka v. Szymanski, 107 Hawai'i 386, 394-95, 114 P.3d 892, 900-01 (2005). Because it was feasible for Tamm to have joined the Sargents as parties, the Circuit Court should not have dismissed Tamm's complaint. The Circuit Court should instead have issued an "order that the

---

[7]     HRS § 658A-9 provides, in relevant part:

    (a)     A person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate in the agreed manner between the parties or, in the absence of agreement, by certified or registered mail, return receipt requested and obtained, or by service as authorized for the commencement of a civil action. The notice shall describe the nature of the controversy and the remedy sought.

[8]     HRS § 658A-7 provides, in relevant part:

    (a)     On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

    (1)     If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate; and

    (2)     If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

. . . .

    (e)     If a proceeding involving a claim referable to arbitration under an alleged agreement to arbitrate is pending in court, a motion under this section shall be made in that court . . . .

    (f)     If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.

    (g)     If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim.

person be made a party." HRCP Rule 19(a); <u>Civil Beat</u>, 144 Hawai'i at 486, 445 P.3d at 67 (instructing circuit court on remand to order necessary party to be joined). As noted above, Tamm did not appeal from the Circuit Court's conclusion of law no. 13 that the Sargents were necessary parties — that is, that complete relief cannot be afforded in this case without their presence. Accordingly, on remand the Circuit Court should enter an order dismissing Tamm's complaint, but with leave to amend to name the Sargents as parties.

Because of our ruling, we also vacate the Circuit Court's orders and judgments awarding attorneys' fees and costs to Snyder and Fang, without prejudice to future motions, if any, that may become appropriate after remand.

## V.

Based upon the foregoing, the Circuit Court's order dismissing the complaint entered on November 7, 2016, the orders and judgments awarding attorneys' fees and costs to Snyder and Fang entered on January 6, 2017, and the Judgment entered on July 22, 2019, are all vacated and this matter is remanded for entry of an order dismissing Tamm's complaint, but with leave to amend to name the Sargents as parties.

DATED: Honolulu, Hawai'i, October 2, 2019.

On the briefs:

Rudra Tamm,
Self-Represented Plaintiff-
Appellant.

Chief Judge

Katherine A. Caswell,
for Defendant-Appellee Bart
Snyder.

Associate Judge

Sherman Shiraishi,
for Defendant-Appellee Ming
Fang.

Associate Judge

9